# Sheppard & Co. v. Dowling.

*Action of Assumpsit.*

1. *Action on a contract; defective performance no defense*—Where, after the completion of work done under a contract, it is received by the owner, the fact that it was defectively done is no defense to an action brought by the contractor against the owner to recover the contract price, except by way of recoupment of damages sustained by the defendant on account of the defects; and to get the benefit of this defense, the defendant must show what his damages amount to, according to the regular rules by which such damages are measured.

2. *New trial; revision of order refusing a motion therefor.*—Where an appeal is taken from an order refusing to grant a new trial, on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, the appellate court will reverse such order, if, after allowing all reasonable presumption of its correctness, a preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was an action of assumpsit, brought by the appellants against the appellee, the complaint containing the common counts. On this appeal prosecuted by the plaintiffs, the only assignments of error are based upon

the ruling of the trial court on the plaintiffs' motion for a new trial. The facts in reference to this ruling are sufficiently stated in the opinion.

J. E. ACKER, and W. D. ROBERTS, for appellants, cited *Cobb v. Malone*, 92 Ala. 630; *Loan Co. of Ala. v. Deans*, 94 Ala. 377; *White v. Blair*, 95 Ala. 147.

H. H. BLACKMAN, *contra*, cited *Cobb v. Malone*, 92 Ala. 630; Hilliard on New Trials, 339.

HEAD, J.—Action on the common counts. Plaintiffs' (appellants') assignor, E. R. Jordan, furnished the material and put on tin roofs on two buildings which were constructed by one M. M. Tye for defendant. One question was whether Tye or the defendant, Dowling, was the debtor to Jordan for this material and work. Upon this issue, Jordan testified for plaintiffs, "That he made a contract with M. M. Tye, as the agent of John W. Dowling, the defendant, to furnish the tin and cover two houses for $474.73; that said Tye told witness, at the time, that Jno. W. Dowling would pay for the work as soon as completed. That after M. M. Tye contracted with him, and while he was doing the work, the defendant, Dowling, told him that he should have his money when the work was completed, if the roof was water proof." Witness was requested by Dowling twice to go upon the roof for the purpose of stopping leaks. J. E. Acker testified for plaintiffs, that the account sued on was made out by him, at the request of E. R. Jordan, who transferred it to plaintiffs; that he first made it out to M. M. Tye, knowing Tye paid off the bills. It was first presented to Tye, and he said he was only the agent of J. W. Dowling. The account was then changed by inserting the name of Dowling, and witness then presented it to Dowling who promised to pay it. He presented it again, and Dowling paid $100, and said he would pay the balance when the roof proved to be tight. He again presented it, and Dowling told witness to bring suit on it. The foregoing was the material evidence for plaintiffs. The defendant introduced Tye, who testified, that he employed Jordan to furnish the tin and do the work; the arrangement between witness and defendant was that witness was to buy and select all the materials

[Sheppard & Co. v. Dowling.]

and hire all the hands and Dowling was to pay for all the material and the hire of the hands to do the work on the buildings, and to pay him, Tye, ten per cent. on the invoice price of all material furnished and the hire of the hands, as a compensation to him in the constraction of the buildings. That he did buy and select all the materials, in his own name, and Dowling paid the bills; that he had no other interest in the building of the houses other than as above stated. That he took Jordan's account to the defendant, Dowling, on the 24th day of December, 1890, and Dowling paid him $100 on it for Jordan, and he left the account with Dowling; that he was present in Dowling's store when witness Acker was there and heard him promise Acker to pay the balance of the account if the roof was made water proof. W. S. Cox testified on behalf of defendant that he was clerk for defendant, and that Acker presented the account to Dowling on January 10, 1891, and witness was instructed by Dowling to pay him $100 on it, which he did, and placed the credit on the account at Dowling's request. Dowling testified for himself that he contracted with Tye to build two houses; that Tye was to select and purchase the material, hire the hands, and that he, Dowling, was to pay said Tye for all of said material and for the hire of the laborers and ten per cent. on the invoice cost of the material and labor; that he had nothing to do with buying or selection of the material nor the hiring of the hands; that Tye directed him to pay no more on roof until made water proof; that he made no contract with Jordan to cover the houses, and did not authorize Tye to do so, and that Tye was not his agent; that he paid the bills as presented and approved by Tye, but paid for no labor or material except upon Tye's order or direction; that he had nothing to do with hiring the said Jordan; that the contract with Jordan was made with Tye. Thomas Edwards testified for defendant, that he was defendant's book-keeper since 1889, and that the contract for the construction of the houses was that Tye was to furnish the material and hire the hands, and defendant was to pay the bills, and that the bills were paid by defendant as they were presented and approved by Tye, and that no money was paid upon said building but upon Tye's order or direction and that sums so paid were charged to Tye. The foregoing was all the defendant's evidence on this issue.

Another issue, upon which there was much testimony *pro and con*, was whether the work had been properly done by Jordan. The defendant's evidence tended to show it was unskillfully and imperfectly done, leaving many leaks in the roof, whilst the plaintiffs' evidence tended to show to the contrary. It was not disputed, however, that Jordan finished the job, whether done well or ill, and that defendant has, ever since, been in the possession, use and enjoyment of the houses, getting the benefit of Jordan's work and material for whatever they are worth. There are no *data* given in the testimony, by which defendant's damages, if any were sustained by reason of defects in the work, can be ascertained.

There was a verdict for the defendant, and plaintiffs moved for a new trial, which was denied; and that ruling of the court is the only matter assigned as error.

We must presume the jury was properly instructed in the law upon these issues; and, so presuming, conclude that the finding for defendant was upon the first issue above stated; for the reason that, upon the undisputed evidence, it should have been for the plaintiffs, upon the second issue. The work having been completed and received by the defendant, the fact that it was defectively done is no defense to an action to recover the contract price, except by way of recoupment of damages sustained by the defendant by reason of the defects; and to get the benefit of this defense the defendant should have shown what his damages amounted to, according to the legal rules by which such damages are measured. If this were not the law, the defendant would be permitted to defeat the action entirely, and forever bar the plaintiffs from recovering anything, while, at a small cost, he may have repaired the defects, and enjoy forever the use and benefit of a perfect work. As we have said, the defendant gave the jury no *data* by which to ascertain the amount of his damages, and the finding must have been against him on that issue. So, the only question is, whether the evidence of defendant's contractual liability to pay plaintiffs' demand is of that character that the court ought to have set aside the verdict. In *Cobb v. Malone & Collins*, 92 Ala. 630, we laid down as a guide the rules which should govern the court in the matter of new trials on the ground that the verdict is contrary to the evidence, in the following language: "The decision of the trial

court refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed unless the evidence plainly and palpably supports the verdict. Of course these rules are not inflexible ; but subject to exceptions and qualifications, dependent upon peculiar circumstances." See also *White v. Blair*, 95 Ala. 147. There are three phases of the testimony upon which the jury might have found for the plaintiffs, viz. : 1. That Tye was defendant's agent in making the contract with Jordan, whereby he, the defendant, became the original and only debtor. 2. That Tye contracted in his own behalf, thereby becoming debtor ; but defendant, in consideration of getting the house built, promised Tye to pay the debt for him ; which promise enured to Jordan, at his election. 3. That the second proposition is true, with the qualification that defendant would pay Tye's bills only on his specific order or direction, which direction was impliedly given in respect of Jordan's claim. The case, as presented for defendant, is that Tye contracted on his own account, and that his, defendant's, promise was to pay the amount of the bills to Tye, and not to Tye's creditors. We have carefully considered the testimony, with reference to each of these propositions, and, without going into details, reach the conclusion that a new trial ought to have been granted. We deem it advisable not to comment on the evidence as the case must be tried again.

The special promise made by defendant to Acker, after the work was completed, to pay the account to Jordan, even if it had been unconditional, was not binding on him, if it was Tye's debt, because not in writing, in compliance with the statute of frauds.

Reversed and remanded.