18 So.2d 432

## HILL GROCERY CO. v. NELSON.

### 6 Div. 57.

Court of Appeals of Alabama.

March 28, 1944.

Rehearing Denied April 18, 1944.

Pritchard, Aird & Fox, of Birmingham, for appellant.

Wm. Conway, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Appellee sued appellant to recover damages for an alleged malicious prosecution. From a judgment for plaintiff this appeal was taken.

There are six assignments of error noted and made by appellant upon this record.

The first and second assignments of error relate to the judgment of the trial court upon defendant's demurrer to plaintiff's complaint.

The complaint as originally filed, and as amended, contains only one count. This count of the complaint was in Code form, Code of Alabama, 1940, Tit. 7, Sec. 223, No. 20, and was good and sufficient. The trial court did not err in overruling and denying the defendant's demurrer to said complaint. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; Bryant v. Hartford Fire Ins. Co., 230 Ala. 80, 159 So. 685.

Appellant's third assignment of error presents for consideration the action of the trial court in refusing to give the following written charge requested by appellant:

"The Court charges the jury that if you believe the evidence in this case you cannot find a verdict for the plaintiff."

The rule is well established to the effect that whenever there is a conflict in the evidence, or the reasonable tendencies thereof, the affirmative charge should not be given. Alabama G. S. R. Co. v. Davidson, 30 Ala.App. 600, 10 So.2d 414.

Without going into a detailed discussion or a recital of all the testimony introduced upon the trial of the case, which is set out in the bill of exceptions, it is sufficient to say that plaintiff's testimony tended to prove the allegations of his complaint. The defendant company was conducting and operating a system of chain grocery stores in Jefferson County, Alabama, and Mr. W. R. Bullock was the manager of one of these stores. During the regular course of business of the store at which Mr. Bullock was the manager some person, representing himself as being John Nelson, bought some groceries from said store and gave in payment thereof a certain check dated May 27, 1942, on the First National Bank of Birmingham, Birmingham, Alabama, payable to the order of John Nelson for the sum of $24.85 and signed by Brown Transfer and Storage. Mr. Bullock deducted from this check the amount of the bill of groceries purchased

by the man who presented it and gave this man the remainder of the check in money. From plaintiff's testimony and the reasonable tendencies thereof the jury was reasonably authorized in finding that Mr. Bullock was engaged in the business of his principal, Hill Grocery Company, a corporation, at the time of the above transaction. Said check was not paid by the bank on presentation, and was later returned to Mr. Bullock, and by him placed in the hands of Mr. H. C. Abbott, a detective, with instructions to find the man who had cashed the check and to arrest him and that he would prosecute him for the forgery. The jury was authorized from plaintiff's testimony to find that in placing the check in the hands of Mr. Abbott and in instructing him to arrest the man who cashed the check that. Mr. Bullock was then acting for and in behalf of his principal.

Mr. Abbott found and took into custody John Nelson, the plaintiff in this case, and carried him to the defendant's Grocery Store of which Mr. Bullock was the manager. The defendant was carried before Mr. Bullock and he was asked if the plaintiff was the man that cashed the check and Mr. Bullock said that he was; that Mr. Abbott asked Mr. Bullock if he wanted the plaintiff prosecuted and Mr. Bullock said that he did. From plaintiff's testimony the jury was reasonably authorized to find that Mr. Bullock, while engaged in his regular and customary duties, as the manager of one of the defendant's grocery stores in Jefferson County, Alabama, caused the plaintiff to be arrested upon a regular and legal warrant of arrest, upon the criminal charge of forgery alleged to have been committed in Jefferson County and that in so doing he was acting for and in behalf of his principal, the defendant in this case.

Said criminal charge, before suit was brought in this case, was judicially investigated and the plaintiff was discharged from said prosecution.

The defendant's testimony was in conflict with the testimony for the plaintiff and tended to support the defendant's pleas. The effect of the testimony in its entirety presented a jury question. The affirmative charge requested by the defendant was properly refused by the trial court.

■ Appellant's 4th and 5th assignments of error attack the judgment of the trial court, overruling and denying the defendant's motion for a new trial. These assignments of error cannot be considered by this court for the reason that the bill of exceptions does not show that an exception was taken by the defendant to the judgment of the trial court, overruling and denying said motion for a new trial. The record proper shows both the motion for a new trial and the judgment of the trial court thereon. The judgment of the trial court on defendant's motion for a new trial recites that the defendant did except to the judgment of the trial court on said motion for a new trial. This exception however is not set out in the bill of exceptions and said assignments of error therefore present no question for our consideration. Martin v. State, 216 Ala. 160, 113 So. 602; Jones v. Pritchett, 232 Ala. 611, 169 So. 224.

Appellant's 6th and final assignment of error presents for our consideration the court's general oral charge to the jury upon the law with respect to punitive damages. Said portion of the court's oral charge was as follows:

"There is one thing I neglected mentioning to you, gentlemen, in the event you find for the plaintiff. In addition to compensatory damages, which I have outlined to you, in the event—in a case of this kind, if you find that this—his arrest was attended with any circumstances of aggravation, and wantonly and maliciously done, why, then, in addition to compensatory damages, you may award the plaintiff a sum as punitive damages. That is to punish the defendant for the wrong complained of. The awarding of punitive damages is, as the name implies, in the nature of a punishment, a fine, so to speak, in a civil case. However, the awarding of punitive damages is in your sound discretion; you may or may not award punitive damages. It is a question for you to decide. If you do award the plaintiff punitive damages, you must take into account the character and degree of the wrong as shown by the evidence in the case."

■ Punitive damages were claimed in the complaint. Under the testimony in this case it was the duty of the trial court to instruct the jury with respect to punitive damages; to charge the jury as to the nature of punitive damages and as to the condition under which they might be awarded to the plaintiff. We find no error in the trial court's oral charge upon this subject. The trial court inadvertently failed to charge the jury upon this question in connection with the charge as to compensatory damages, but he himself recalled

his failure to so charge the jury before they retired, and thereupon he included in his oral charge proper instructions upon the subject of punitive damages as he should have done. We do not think that the trial court gave undue prominence to the question, nor do we think that the sum of $750 is an excessive amount to have been awarded the plaintiff in this case if he had nothing to do with the forged check or its utterance as he claimed and testified. If the plaintiff was not guilty of forgery, if he did not go to the defendant's grocery store and buy groceries and utter, or give, a forged check therefor, knowing that it was a forged check, then it was outrageous and unpardonable for him to have been prosecuted upon the charge of forgery as the evidence clearly shows was done.

No error of a reversible nature appearing, it follows that the judgment of the trial court, from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.