22 So.2d 345

### HALE v. LAYER.

4 Div. 862.

Court of Appeals of Alabama.

March 27, 1945.

Rehearing Denied April 10, 1945.

John C. Walters, of Troy, for appellee.

J. H. Wilkerson, of Troy, for appellant.

CARR, Judge.

As indicated by assignments of error, the record in this case presents only two

questions: (1) The refusal to the appellant of the affirmative charge. (2) The denial of the primary court to grant appellant's motion for a new trial.

At about 10 o'clock on a cold February morning in 1944, appellant's home was destroyed by fire. Appellee and his wife occupied a downstairs apartment in the dwelling.

This suit was filed by appellee for the damages to personal property which, in his complaint, he claims he suffered by reason of the negligence of appellant in causing the house to burn.

As we interpret and construe the record and the contentions of appellee, he committed the success of his claim on the insistence that appellant, in an effort to thaw out some frozen water pipes, negligently employed methods' which caused the house to burn. This conclusion is based on the testimonial facts and a portion of the trial court's oral charge to the jury. The part of the oral charge to which we refer is:

"The plaintiffs contend that that property was destroyed, and that the house burned and thereby their property was destroyed because the defendant negligently conducted himself in or about attempting to thaw some water pipes, fixing them so the hot water would run; that the defendant did something which a prudent and careful man, under similar facts and circumstances would not have done, and by his conduct—negligent conduct, fire was caused to be communicated to the house, the house was destroyed and they suffered the loss testified about. The defendant, on the other hand contends that he didn't do anything to cause the fire, that he wasn't attempting to thaw any pipes, that he didn't do anything, or wasn't engaged in doing anything whereby fire could be communicated to the house, and therefore that he wasn't responsible for the house burning, and therefore cannot be made to answer in damages sustained by the plaintiffs."

There are facts material to the issue involved that are not in dispute. There were three families living in the building at the time of the fire in question—appellant and wife, appellee and wife, and a family occupying an apartment upstairs. The house was served by electric wiring for lights and telephone. The apartment in which appellee lived was equipped with three gas heaters, one each in the living room, bedroom and bathroom, and a gas range in the kitchen. Appellant had a gas

range in his kitchen. How the other parts of the house were heated is not shown by the testimony, except it was stated that when the dwelling was discovered burning there was a fire in appellant', bedroom. The heating devices had been in service during the morning in preparing breakfast, heating water and the necessary conveniences to the occupants. There was also a laundry heater in appellant's kitchen, but it appears from the testimony that it was not in use at the time of the fire.

In describing a gas stove, appellant's wife testified: "In the bedroom there was a six foot hose, a long hose that wasn't stationary, so they could move it back and forth, and when I occupied that bathroom I would use that rubber hose. That was the reason we didn't have that stationary, was so they could heat the bathroom."

Mrs. Layer, wife of appellee, testified that appellant came to her apartment about 30 or 45 minutes before the house was discovered in flames, and inquired if the water pipes serving her apartment were frozen. When a negative answer was given, appellant stated: "Mine are frozen and I am going under the house with some splinters and unthaw them." The witness stated also that during the morning she "heard something moving around under the dining room." According to her testimony, the first she saw of the fire it was in her bathroom.

Mr. Mitcham, fire chief of the city of Troy, was examined as a witness for appellee. The chief said that when he first reached the scene he went in the house and found the source of the fire to be "about the middle, near the back, under the house," and that he placed his first line of hose under the house. On cross-examination the witness stated that he could not tell whether or not the fire started under the floor of the house. He went under the building and saw smoke but no fire. He did not know whether or not it was burning inside the kitchen and, while the main fire was under the house when he first saw it, he could not tell where it started. The witness testified further that all of the bottom of the floor was burning and in his opinion the fire started underneath. The fire chief related an account of a conversation he said he had with appellant more than one day after the house was destroyed. In this conversation appellant told witness that he went under his house on the morning of the fire and thawed some frozen pipes with hot water.

Mrs. Hale, wife of appellant, testified that she was in her room, and the first knowledge she had that the dwelling was burning was hearing her husband notifying the fire department over the telephone. According to her testimony she had used the water services in her kitchen and bathroom during the morning and the pipes were not frozen. She had not seen her husband go under the house to thaw out frozen pipes that forenoon.

Appellant denied that he told the fire chief that he went under his house to thaw out the pipes with hot water. He disaffirmed that the pipes were frozen or that he carried any fire under the house, or that he saw any fire under the house during the morning in question.

We have endeavored to set out with accuracy and fairness an analysis of the testimony which will lend aid to the solution of the questions disclosed by the record made up for a revising court.

A large number of the cases which come before our appellate courts involve a consideration of requested general affirmative instruction. It is rare, if ever, we find the facts to be identical in any two cases. We must, therefore, rely on established rules for guidance.

█ It is, of course, well recognized that the scintilla of evidence doctrine prevails in civil cases in this State. Penticost v. Massey, 202 Ala. 681, 81 So. 637; Aetna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351.

Our appellate courts have given numerous expressions to aid in solving the perplexing questions that often arise in the consideration of the propriety of giving or refusing the general affirmative charge.

█ "If there is evidence from which a reasonable inference could be drawn adverse to the party requesting affirmative instructions in his favor, such instructions should be refused." Evans v. Swaim et al, 245 Ala. 641, 18 So.2d 400, 402. See also Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665.

█ "Whenever there is a conflict in the evidence, or the reasonable tendencies thereof, the affirmative charge should not be given." Hill Grocery Co. v. Nelson, Ala.App., 18 So.2d 432, 433,[1] certiorari denied 245 Ala. 598, 18 So.2d 434; Harden Inc. v. Harden, 29 Ala.App. 411, 197 So. 94.

"The general affirmative charge in favor of the defendant should not be given, where there is the slightest evidence showing right of recovery." Wood v. Hacker, 23 Ala.App. 12, 121 So. 437, 440, certiorari denied 219 Ala. 139, 121 So. 441.

"It is only where there is no evidence tending to establish the cause of action as averred that the court may direct a verdict, it having no power to judge of the sufficiency of the evidence, nor of which of conflicting tendencies of evidence should be adopted." Western Ry. of Ala. v. Mays, 197 Ala. 367, 72 So. 641, 642.

"It is only in the absence of all evidence against the defendant that the court should direct a verdict." Louisville & N. R. Co. v. Jenkins, 196 Ala. 136, 72 So. 68, 69.

"And as negligence, and the failure to exercise due care and ordinary caution, like any other fact, may be inferred from circumstances the court would not have been justified in taking the case from the jury unless, as a matter of law, no recovery could have been had in the case upon any view which could properly have been taken of the evidence and of the reasonable tendencies afforded by it." Pantaze v. West, 7 Ala.App. 599, 61 So. 42, 44. See also Mathews v. Alabama Great Southern R. Co., 200 Ala. 251, 76 So. 17.

█ "The question of negligence is one of law for the court only when the facts are such that all reasonable men must draw the same conclusions from them." White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479, 480.

█ In the case of Alabama Great Southern R. Co. v. Demoville, 167 Ala. 292, 52 So. 406, 410, cited by appellee's counsel in his able brief, we find this quotation: "The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant and of resulting injury to himself. Having done this, he is entitled to recover, unless the defendant produces evidence sufficient to rebut this presumption. It has sometimes been held not sufficient for the plaintiff to establish a probability of the defendant's fault; but this is going too far. If the facts proved make it probable that the defendant violated his duty, it is for the jury to decide whether he did so or not. To hold otherwise would be to deny the value of circumstantial evidence. As already stated, the plaintiff is not bound

[1] 31 Ala.App. 386.

to prove his case beyond a reasonable doubt; and, although the facts shown must be more consistent with the negligence of the defendant than with the absence of it, they need not be inconsistent with any other hypothesis. It is well settled that evidence of negligence need not be direct and positive. Circumstantial evidence is sufficient. In the nature of the case the plaintiff must labor under difficulties in proving the fact of negligence; and, as that fact itself is always a relative one, it is susceptible of proof by evidence of circumstances bearing more or less directly upon the fact of negligence, a kind of evidence which might not be satisfactory in other classes of cases, open to clearer proof. This is on the general principle of the law of evidence, which holds that to be sufficient or satisfactory evidence which satisfies an unprejudiced mind. Proof that similar accidents do not happen from similar things, when properly managed, is competent to raise a presumption of negligence, where an accident has happened."

█ Based on the above quoted principles and rules, and many others we have examined but do not set out in this opinion, our conclusion is that the testimonial facts in the case at bar warranted the refusal of the general affirmative charge, requested in appellant's behalf.

On the question before this court under assignment of error No. 2, we find our task even more difficult and delicate. The motion for a new trial raises the ground that the great preponderance of the evidence in the case is against the verdict of the jury.

█ The rule to guide us in this matter is, stated generally: If, when all reasonable presumptions have been allowed in the verdict's favor, the evidence and all material inferences to be drawn therefrom so preponderate against the verdict as to convince the court that in justice it should not stand, the motion for a new trial should be granted. Engelbert v. Taylor et al, 1 Ala.App. 553, 55 So. 442; Sheppard v. Dowling, 103 Ala. 563, 15 So. 846; Western Ry. of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316, 38 Am.St.Rep. 179; Richmond & Danville R. Co. v. Hissong, 97 Ala. 187, 13 So. 209.

█ We have hereinabove set out what we consider all the evidence touching the material inquiry. We are forced to the conclusion that the preponderance of the evidence weighs so heavily against the verdict that the motion for a new trial should have been granted.

Since this is our decision and the case must be remanded, judicial propriety prevents us from a discussion of our impressions of the evidence.

For error pointed out, the cause is reversed and remanded.

Reversed and remanded.

J. H. Wilkerson, of Troy, for appellant.

John C. Walters, of Troy, for appellee.