36 So.2d 120

## MORGAN PLAN CO., Inc. v. BEVERLY.
### I Div. 568.

Court of Appeals of Alabama.
May 18, 1948.

Rehearing Denied June 15, 1948.

---

[1] Ante, p. 163.

A. S. Whiting and Jesse F. Hogan, both of Mobile, for appellant.

Sidney J. Gray and Robt. T. Irvin, Jr., both of Mobile, for appellee.

CARR, Judge.

This is a suit in detinue for an automobile.

The plaintiff claims the property by virtue of a mortgage from James H. Morgan, which was duly recorded in Mobile County, Alabama in October 1945. This instrument was never recorded elsewhere.

The defendant claims the automobile under a bill of sale from the said Morgan, dated November 9, 1946. This sale was consummated in Clarke County, Alabama.

There was a judgment below in favor of the defendant.

The only question presented for our review is the action of the trial judge in overruling plaintiff's motion for a new trial on the stated ground that the verdict of the jury was contrary to the great weight of the evidence.

A determination of this presentment revolves around the effective application of the provisions of Section 123, Title 47, Code 1940. In short, if the automobile in question did not remain in Clarke County for three months just prior to November 9, 1946, and at some time during this period it was returned to Mobile County, appellant's contention is tenable and must be sustained.

In support of his plea, which relied upon the terms of the above section, appellee introduced as a witness a Mr. Herbert Hodge. The gentleman testified that Mr. Morgan brought the car in question to Clarke County some time in May 1946; while there engaged in the logging business, he resided most of the time with witness and the remaining time with witness's father. The latter lived about two or three miles from his son. Mr. Hodge stated further *that so far as he knew* the automobile had remained in Clarke County from the time it was brought there until it was sold to appellee in November 1946, but that Mr. Morgan did not keep the car at the place of witness's residence "every night, week after week" during this period of time.

We quote a part of the cross examination of Mr. Hodge:

"Q. You don't know if he lived in Mobile, Ala., or not during that time, do you? A. He didn't, while he was staying with me.

"Q. Did he stay with you from May, 1946, until November? A. I said he stayed with me part of the time.

"Q. What part of the time did he stay with you and what part not with you? A. I don't remember the dates.

"Q. There might have been intervals when he stayed with you and intervals when he did not stay with you? Isn't that correct?

"Court: Did he come home on week ends?

"A. If he did, I didn't know about it.

"Q. Did you see him there on Sundays? A. Not every Sunday.

"Q. There might have been some Sundays when he was gone and you did not know about them, isn't that right? A. Not too many."

Sam Beverly, brother of appellee, gave testimony to this effect:

"Q. At that time, as far as you know, had Mr. Morgan had it in Clarke County in his possession for three months immediately preceding the time that Woodie Earl Beverly bought it? A. I know that I saw him there every week, three or four times a week.

"Q. Do you know where he kept the automobile up there? A. He stayed with the Hodge boy."

Mrs. Ada Morgan, the wife of James Morgan, was among the witnesses for appellant. The lady testified that from September 1944 to the time of the trial she had continuously lived at 255 South Claiborne Street in the City of Mobile. She stated further that her husband bought the automobile in suit in August 1945 and kept it until he sold it in November 1946; that it was the only car that Mr. Morgan owned during this interval. She also testified that during the period just indicated her husband came home in the car week ends when he was working out of town and that he brought the automobile to Mobile in November 1946.

A Mr. J. L. May, President-Treasurer of the plaintiff company, testified. We set out some pertinent parts of his testimony:

"Q. How long after the execution of that instrument did he have it? A. Until about the first of November, 1946.

"Q. Where did you see it? A. In front of his house on Claiborne Street, in Mobile, Alabama.

"Q. Had you ever seen the car before that time at his house? A. Yes. I had gone out to see him on several Sundays. I frequently went out there because of the condition of his account.

"Q. Did you see the car there after the first of November, 1946? A. Yes, on State and St. Joseph Streets.

"Q. When was that? A. It was on Monday evening about quarter to six, following the date of the filing of this suit, which was July 19th.

"Q. In whose possession was the car at that time?

"Mr. Gray: I object to the question as calling for a conclusion of the witness. That is a question for the court and jury.

"Mr. Whiting: I withdraw the question.

"Q. Who had physical possession of it? A. The defendant's wife was in the car, and he took me to the car.

"Q. What was the occasion of the defendant taking you to the car?

"Mr. Gray: I object to the question as immaterial and as calling for a mental operation of the witness.

"Court: Sustain the objection.

"Mr. Whiting: We accept.

"Q. When next prior to that time had you seen Mr. Beverly? A. He was in my office.

"Q. Tell the jury just what happened then.

"Mr. Gray: I object to the question, unless he shows the time and the place.

"Mr. Whiting: I withdraw the question.

"Q. How long was it before Mr. Beverly took you to the car, that he was in your office? A. We walked with Mr. Carroll up to the car—

"Q. How long before that was it when you had seen the car? A. Continuously."

In order that a fair and full disclosure may be had of the matter of instant concern, we have set out pertinent portions of the evidence with some degree of particularity.

It is clearly evident that there is no positive, unequivocal proof that in fact the automobile was not returned to Mobile County during the period of time measuring three months just prior to its sale to appellee. Every statement of the defendant's witnesses could be taken as entirely true and accurate, and yet the fact would remain that the car could have been taken to Mobile County without their knowledge.

On the contrary, we are afforded the benefit of evidence that is emphatic and explicit and which is based on events and conditions that are conducive to accuracy. There is a marked superiority and dependability in positive testimony when considered against evidence that is predicated upon circumstances which indicate a lack of opportunity to observe and to know.

It cannot be reasonably inferred or probably presumed that Mrs. Morgan would be mistaken about visits of her husband to their home when he was working out of town. Her testimony in this regard is entirely competent with the reasonableness and common-sense view of the situation. It would be wholly out of harmony with the expected conduct to conclude that Mr. Morgan would remain away from home for so long a time when he was located at a distance of less than one hundred miles and a visit could be made in about two hours travel in an automobile.

■ It should be noted, also, that the jury did not have a right to capriciously reject the testimony of Mr. May, although it was its privilege to weigh and consider his evidence in the light of his manifest interest in the outcome of the litigation.

■ Whether or not the proof in the case at bar presented a scintilla of evidence tending to establish the position of the defendant we are not called upon to decide. However, we are clear to the conclusion and feel impelled to hold that the evidence is so overwhelmingly against the verdict of the jury that it would be unjust and wrong to let it stand. Engelbert

v. Taylor et al., 1 Ala.App. 553, 55 So. 442; Sheppard & Co. v. Dowling, 103 Ala. 563, 15 So. 846; Western Ry. of Ala. v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316, 38 Am.St.Rep. 179; Hale v. Layer, 32 Ala.App. 86, 22 So.2d 345; Royal Ins. Co. v. Robertson, 242 Ala. 460, 6 So.2d 880; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the circuit court is ordered reversed and the cause is remanded.

Reversed and remanded.