51 So.2d 177

## MORGAN PLAN CO., Inc. v. BEVERLY.

### I Div. 606.

Court of Appeals of Alabama.
Jan. 9, 1951.

Rehearing Denied Feb. 7, 1951.

Sidney J. Gray and Robt. T. Ervin, Jr., of Mobile, for appellee.

CARR, Judge.

This is the second appeal of this case. The former opinion is reported in 33 Ala. App. 617, 36 So.2d 120.

In the court below the defendant again recovered judgment and plaintiff's motion for a new trial was overruled.

We are here confronted with the identical question which was presented for our review on the former appeal, viz. the action of the court in overruling the plaintiff's motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence.

We do not recede from our former view. We think that our conclusions were

A. S. Whiting and George J. Moore, of Mobile, for appellant.

sound and applicable to the record then before us.

A careful study and comparison of the two records leads us to the conclusion that the defendant, appellee here, presented a much stronger evidential case at the second trial. The evidence presented by the appellant bears striking analogy and similarity in the two records.

The appellee did not introduce Herbert Hodge as a witness on the second trial. We delineated some of his testimony in our former opinion.

Cecil York, Homer Osborne, and Mrs. J. C. Andrews appeared as witnesses at the second trial and not the first.

Mr. York testified that part of the time in question Mr. James Morgan boarded with the former's mother-in-law in Clarke County, a distance of about 100 yards from the home of the witness, and during this time he saw Mr. Morgan on Sundays and "I pretty near seen him every day."

We will copy the pertinent parts of Mr. Osborne's testimony:

"Q. Where do you live? A. I live between Coffeeville and Salipta, Alabama.

"Q. *Where* you living there in 1946? A. Yes, sir, I have always lived up there.

"Q. Do you know Mr. James H. Morgan? A. Yes, I do.

"Q. You know Mr. Beverly here? A. Yes, sir.

"Q. How far do you live from Mr. Beverly? A. About three miles.

"Q. Where was Mr. Morgan staying in 1946? A. Part of the time at Mr. Milstead's, and some with me. And he might have stayed with somebody else part of the time.

"Q. State whether or not James H. Morgan was in Clarke County during the Spring and Summer and Fall of 1946. A. He was.

"Q. Did you see him there? A. Yes, sir.

"Q. Did you see him there? A. Yes, sir.

"Q. How often did you see him? A. Part of the time I would see him every day. I worked some for him in 1946.

"Q. You worked for him? A. Yes, sir.

"Q. What did Mr. Morgan do on week ends? A. Most of the time he was up there he would go and look at new tracts of timber and probably fish and hunt some.

"Q. Did you see him around there on Sundays? A. Yes, sir.

"Q. Did you see him regularly on Sunday or just occasionally on Sunday? A. I wouldn't see him every Sunday, but I would see him every once in a while, maybe every week or two.

"Q. Did you see him nearly every Sunday? A. Yes, sir."

It appears that during the period about which we are concerned Mrs. Andrews lived in Clarke County, but worked in Mobile. She came home week ends, arriving around 3 P. M. Saturdays. Part of this time Mr. Morgan boarded with her mother. Mrs. Andrews testified that she saw Mr. Morgan at his boarding place "most every Sunday."

If the testimony of these witnesses is to be accepted as true, Mr. Morgan did not spend all of his week ends at his home in Mobile.

To sustain its position that the automobile did not remain in Clarke County continuously during the time in question, the appellant relied mainly upon the testimony of Mrs. James Morgan. This witness testified that her husband worked in Clarke County, but that he came home every week end in the automobile which is the subject of this suit.

The evidence in appellee's behalf was in conflict with Mrs. Morgan's testimony. Under the well recognized rule, if the jury concluded that the witness had testified wilfully falsely to this material matter, it was authorized to disregard her testimony in its entirety.

The other evidence to support appellant's claim was given by witnesses who were interested in the outcome of the case. At least their connection with the cause would have privileged the jury to so find. Under these circumstances the jury was

566

authorized to weigh their testimony in the light of any interest found to exist.

The appellate courts are required often to review the question of the propriety of the trial court's judgment in overruling a motion for a new trial on the ground that the verdict is contrary to the great weight of the evidence.

The oft cited case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, states the rule by which we are guided.

■ Another pronouncement which the writer regards as very clear and comprehensive was stated by Judge Bricken, Presiding Judge of this court: "The power of a court to set aside a verdict is inherent and is essential to prevent irreparable injustice in every case where a verdict is wholly wrong, and is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony or of that bias or prejudice, on the part of juries, which sometimes may occur. In the exercise of this power courts should be careful not to infringe the right of trial by jury, and should bear in mind that it is the exclusive province of a jury to determine the credibility of witnesses to weigh the testimony, and find facts from that testimony. The power of a trial court to set aside a verdict should be exercised, only, when it positively and affirmatively appears that the substantial ends of justice require that a verdict should be set aside and a new trial granted. The foregoing being the principles by which a trial court should be controlled, it is to be observed that these principles apply with much greater force to the exercise of this power by an appellate court. When the presiding judge of a trial court refuses to grant a new trial, the correctness of the verdict is thereby strengthened." International Harvester Co. v. Donaldson, 26 Ala.App. 502, 162 So. 566, 569.

■ After a very careful consideration and study of this record en banc, we have concluded that the judgment of the lower court should not be disturbed. It is therefore ordered that it be affirmed.

Affirmed.