60 So.2d 858

## ALABAMA POWER CO. v. ATKINS.

### 6 Div. 540.

Court of Appeals of Alabama.

Oct. 7, 1952.

Fite & Fite, Jasper, and Martin, Turner, Blakey & Bouldin and John Bingham, all of Birmingham, for appellant.

Tom Bevill, Jasper, for appellee.

CARR, Presiding Judge.

This is an appeal from a judgment in the circuit court in which the appellee, Robert Atkins, was awarded unemployment compensation.

In the administrative processes of the applicable law, the claim was denied until the case reached the circuit court.

The question of prime factual concern is whether or not the claimant is disqualified for unemployment compensation by reason of the provisions of subsection B, § 214, Title 26, Code 1940; that is to say whether or not he left his work voluntarily without good cause connected with such work.

Without dispute in the evidence the appellee and some other employees left the active employment of appellant for the purpose of seeking work in a distant city. Appellee returned in about ten days, at which time he was informed that his former job at appellant's mine was terminated at the time he left.

The controversial factual issue is whether or not the claimant got a leave of absence or voluntarily severed his employment relationship.

The appellee was the only witness who gave evidence to sustain the leave contention. He testified in effect that he obtained the privilege from Mr. H. M. Johnston, manager of appellant's mine and at this time was paid in full the amount due him for past services.

The record discloses some contradictions in his testimony at the main trial and that he gave before the Board of Appeals.

Mr. Johnston testified that he alone had the authority to grant a leave of absence and that Mr. Atkins did not request it. He stated also that with the exception of cases of illness or emergencies an employee was never paid in full for past services at the time he obtained a leave.

The following is an excerpt from Mr. Johnston's testimony:

"They came into Dendy's office; told him what they wanted; wanted to be paid off to go to Wyoming. Mr. Dendy came into my office and told me about it. I walked out where they were and asked them what was the matter. They told me they wanted to be paid off in full so they would have money to make the trip, they were working more regularly out there. I said, 'Boys, we'll pay you off. As you are going out there to get a job, we will have to terminate you.'"

In this aspect Mr. Cecil Dendy gave corroborative evidence.

Mr. Booker, the mine superintendent, testified that he terminated the appellee's employment on the basis of Mr. Johnston's direction.

There is other evidence which sustains the position of the appellant.

The burden of proof was cast on the claimant to establish his right to the unemployment compensation. Henderson v. Department of Industrial Relations, 252 Ala. 239, 40 So.2d 629.

We do not think that anything can be gained by a discussion or analysis of the evidence in the instant case.

We have read and studied the record en banc. It is our considered conclusion that the judgment in the circuit court is contrary to the great weight of the evidence and that the motion for a new trial should have been granted. Kelly v. Kelly, 247 Ala. 316, 24 So.2d 265; Hale v. Layer, 32 Ala.App. 86, 22 So.2d 345.

It is, therefore, ordered that the judgment below be reversed and the cause remanded.

Reversed and remanded.