# Garrett v. Sewell.

*Action of Trespass and Trover.*

1. *Appeal; error without injury.*—Where, in an action for damages, a plaintiff appeals from a judgment in his own favor, this court will review only the grounds of complaint bearing upon the measure of damages. Error in other respects would be without injury to appellant.

2. *Damages; proximate cause*—In trespass, the wrongdoer is responsible for the consequences which flow immediately from his wrongful or negligent acts; and the responsibility is not relieved by the fact that the consequences of the injurious act could have been prevented by the care or skill of the injured party. Hence, the wrongful removal of a fence built for the purpose of protecting crops from the depredations of stock held to be the immediate cause of the damages caused by such depredations, if such are shown.

3. *Same; exemplary damages.*—Exemplary damages cannot be recovered unless the wrongful act is shown to have been done wantonly, or maliciously, or committed with circumstances of aggravation.

4. *Trespass; title to maintain.*—To maintain an action of damages for trespass to lands, the plaintiff must show that he had the possession of the land at the time of the alleged trespass.

5. *Same; removing partion fence.*—In removing a partition fence

[Garrett v. Sewell.]

resting partly on the land of both adjacent proprietors, the person removing it "enters upon" the land of both, though he may have all the time stood and walked upon only one side of the line, and though his feet may not have touched the other side.

APPEAL from Cherokee Circuit Court.

Tried before Hon. JOHN B. TALLY.

The facts of this case as bearing upon the charges given and refused, and upon the points decide1, are sufficiently stated in the opinion. The charges given and refused, to which exceptions were taken, were as follows—asked by plaintiff and refused: (3) If the jury believe from the evidence that plaintiff is entitled to recover on the second or third counts, they may assess just such damages as they see proper, not exceeding five hundred dollars. (4) If the jury believe from the evidence that the fence was a common or partition fence, and if Sewell removed it, so as to exclude or cut off the right of Mrs. Garrett to use it, then plaintiff is entitled to recover in trespass, whatever damages the jury may think from the evidence she is entitled to, not exceeding five hundred dollars. (8) If the jury believe the evidence, they will find for the plaintiff the value of that part of plaintiff's interest in the fence removed, and such additional damages as the jury may see proper, not exceeding five hundred dollars. (9) If Sewell committed a trespass in removing the fence, and did it with a reckless disregard of the rights of Mrs. Garrett, then the jury may assess such damages in addition to the actual damages as they think proper, not exceeding five hundred dollars. (10) If the jury believe from the evidence that the fence removed was a partition fence, and that Sewell or those employed by him for the purpose, entered upon Mrs. Garrett's land to remove the fence, and if he did it with reckless disregard of the rights of Mrs. Garrett, then the jury may give such exemplary damages as they may think proper, not exceeding the amount of five hundred dollars.

On the written request of the defendant, the court gave the following charges: (5) The measure of the plaintiff's damages under the first count in the complaint, if the jury should find from the evidence that the plaintiff is entitled to recover under the first count, is the amount of plaintiff's interest in the value of the rails that were

[Garrett v. Sewell.]

converted by the defendant, if they find from the evidence, that defendant converted them, with interest on that sum from the time they were converted up to the present time. (6) If the jury find from the evidence that the fence in controversy was a partition fence and the premises enclosed by it were not in the possession of a tenant of plaintiff at the time it was removed, and that plaintiff is entitled to recover under the first count of the complaint. then plaintiff is entitled to recover under said first count, only half of the value of the rails that were converted by defendant, with interest thereon from the time of conversion up to the present time.

There was a verdict and judgment for plaintiff from which she appeals, assigning error as noted in the opinion.

J. L. BURNETT, for appellant.

MATTHEWS & WHITSIDE, contra.

McCLELLAN, J.—This action is prosecuted by Mrs. Garrett against Sewell for the removal of a partition fence on the line of their adjoining lands. The complaint contains three counts. The first is in trover claiming damages for the conversion of the rails of which the fence was constituted; and the second and third are in trespass, differing from each other in substance only, in that the second charges that the entry upon the lands of the plaintiff and removal of said fence was wrongful and malicious, while the third does not aver malice. The general issue and various other pleas, amounting perhaps to no more than the general issue, or at least not presenting any matter that was not available under the general issue, were interposed to each count. The verdict of the jury was for the plaintiff on all the issues presented, with assessment of damages in this language: "We the jury find the issues in favor of of the plaintiff, and assess the damages at three and 26-100 dollars." There was judgment for plaintiff for this sum as damages and for an equal sum as costs, and for the defendant for the balance of the costs.—Code, §.2338. And from the judgment plaintiff prosecutes this appeal. All the issues having been found in favor of the plaintiff, it is manifest that she has no

[Garrett .v. Sewell.]

ground of complaint against the judgment below except in respect of the assessment of damages, and errors, if any were committed, in rulings which had no bearing upon the measure of damages, are lacking in the element of injury to the appellant which is essential to a judgment here favorable to her.

The plaintiff proposed to show by a witness that he, the witness, saw stock in the field from around which the defendant had removed the fence and on the crop there growing. The court refused to allow this proof to be made. Had the plaintiff been allowed to pursue this line of evidence we can not know but that material damage to the crop would have been shown. Such damage is an element of recovery under the counts in trespass. The rule is thus stated : "The wrongdoer is responsible for the consequences which flow immediately from his wrongful or negligent acts ; and the responsibility is not relieved by the fact that the consequence of the injurious act could have been prevented by the care or skill of the injured party."—26 Am. & Eng, Encyc. of Law, p. 677. This fence was there, and the plaintiff according to the verdict of the jury had a right to have it remain there, for the sole purpose of protecting her fields and crops from the incursions and depredations of live stock. Its wrongful removal defeated this sole object of its existence and was the direct cause of the depredations sought to be proved, and these the immediate, not remote uncertain and speculative, consequences of the wrong. The court erred to plaintiff's prejudice in the exclusion of this testimony.

And this is the only error we find in the record having any relation to the question or measure of damages. Many charges were requested by the plaintiff on this subject, and refused, but they either misstate the law on this subject, or contained unsound propositions with reference to other questions in the case which necessitated and justified their refusal. Thus charges 3 and 8 would have authorized the assesment of exemplary damages, though they may not have believed that the trespass, if any, was wanton or malicious, or committed with circumstance of aggravation. Charges 4, 5. 9 and 10 pretermit all inquiry as to whether the plaintiff had had the possession of the land at the time of the alleged trespass, upon which plaintiff's right to recover in that

[Garrett v. Sewell.]

form of action at all depended and as to which there was conflict in the evidence, and were therefore properly refused, even conceding that they stated the law as to the measure of damages correctly. Charge 8, moreover, was bad for another reason stated above, and charge 4 for the further reason that "it gives to the jury a 'discretionary power, without stint or limit, highly dangerous to the rights of the defendants;' it leaves them without any rule whatever,"—*Alley v. Daniel*, 75 Ala. 403, 409; and does not postulate circumstances of aggravation as a necessary basis for the imposition of the punitive damages it authorizes.

And the only charges given for the defendant and excepted to by plaintiff, which bore at all on the measure of damages were the 5th and 6th, both of which have reference to the amount of damages recoverable under the first count in trover, and correctly state the law in that behalf.

The only argument made here for the appellee goes to the proposition that on the undisputed evidence the general charge should have been given for the defendant, and that, of consequence, any error committed by the trial court was without injury to the plaintiff. This argument is based upon two assumptions of fact, neither of which, we think, is supported by the record. In the first place, it is insisted that the evidence without conflict shows that the land upon which the fence stood in part was in the possession of a tenant of the plaintiff at the time of the alleged trespass. If this were so, of course the plaintiff could not recover under the second and third counts. But the evidence is in conflict on the point. Garrett, the plaintiff's husband, testifies that no part of the land inclosed on one side by this fence was rented at the time the fence was removed, but that a tenant for the previous year who was living in the house at the time was there only temporarily until he could get another place for the current year, occupied for this purpose only by permission of the plaintiff, and in accordance with this purpose moved out and left the premises a few days after the removal of the fence. If the jury believed this evidence they should have found that the plaintiff, and not this former tenant, was in possession of the land from which the fence was removed. Garrett further testified that tenants cultivating the cleared land

[Garrett v. Sewell.]

on that tract did not rent the woodland through which this fence ran, and if this were true, the plaintiff could maintain trespass for entry upon and wrong done upon the woodland though a tenant was then in possession of the house and open land, as was decided when the case was here before.—*Garrett v. Sewell*, 95 Ala. 456.

The second assumption of fact in this position of appellee is that there is no evidence that the defendant ever entered upon the land of the plaintiff in the removal of the fence, but to the contrary the evidence affirmatively shows that he did not. This assumption is also, we think, gratuitous. There is abundant evidence that the fence was on the line between the parties—a partition fence, established and recognized as such for more than ten years before its removal. It was, therefore, necessarily partly on the land of both the adjoining proprietors. In removing this fence, in taking away the rails of which it was built and which rested in part in actual contact with the soil which belonged to the plaintiff, and were supported thereby equally with defendant's land, the defendant necessarily "entered upon" the plaintiff's land though he may have all the while *stood* and *walked* upon his side of the line and though his *feet* may not have touched the earth on plaintiff's side. We attach no importance to the fact that in going to the place where the fence stood for the purpose of removing it, the defendant and his employes passed over another part of the plaintiff's land. The trespass charged was not committed upon this other land ; it may have been only a few yards wide and ten miles away; and if the fact of entry upon plaintiff's land depended upon this testimony we should say there was no evidence of the fact.

Though the whole case will be opened up for trial below, we deem it unnecessary to pass upon other rulings made in the court below. Some of them, we do not doubt, the circuit judge will have no hesitancy in reversing if the points are again presented, and others he will, with equal facility and certainty of correctness, repeat.

For the error pointed out, the only one of which plaintiff can complain on this appeal, the judgment below must be reversed. The cause is remanded.

Reversed and remanded.