(110 So. 379)

**LACEY v. MORRIS.** (6 Div. 698.)

(Supreme Court of Alabama. Oct. 28, 1926. Rehearing Denied Nov. 26, 1926.)

1. **Trespass ☞20(1)—Gist of action of trespass is injury to plaintiff's possession, not title.**

Gist of action of trespass to realty is injury to plaintiff's possession, though title may be drawn in question.

2. **Landlord and tenant ☞54—Landlord, granting possession to tenant for definite term, cannot sue for trespass during such term.**

Landlord, granting possession to tenant for definite term, has no immediate right of possession and cannot maintain action of trespass to realty during such term.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Landlord and tenant ⊚⇒54—Undisputed evidence of tenants' exclusive possession on alleged date of trespass held to require affirmative charge for defendant.**

Undisputed evidence of tenants' exclusive possession of entire premises on date of trespass, alleged by landlord in first two counts of complaint, *held* to require affirmative charge for defendant as to such counts.

**4. Trespass ⊚⇒27—Defendant's title is defense in action of trespass.**

Defendant's title and right to enter is defense to action of trespass to realty.

**5. Trespass ⊚⇒43(2)—Defense of title is available under plea of general issue.**

In action of trespass to realty, defense of title and right to enter is available under plea of general issue.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Eula V. Morris against Joe V. Lacey. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Aird & Aird, of Birmingham, for appellant.

The holder of legal title to real estate is deemed in law to be in possession. Gunn v. Parsons, 213 Ala. 217, 104 So. 390. The owner of real estate cannot maintain an action against a trespasser to premises, when the property is in possession of his tenants. Garrett v. Sewell, 108 Ala. 521, 18 So. 737.

Harsh & Harsh, of Birmingham, for appellee.

Where a landlord retains possessory rights, he may maintain trespass. Jordan v. Staples, 57 Me. 352; Garrett v. Sewell, 95 Ala. 456, 10 So. 226; Id., 108 Ala. 521, 18 So. 737; 26 R. C. L. 959. Possession is a fact, and may be testified to by witnesses. 38 Cyc. 1110. The owner of the legal title cannot commit a trespass against one who is in peaceable possession without being liable for actual damages. Morris v. Robinson, 80 Ala. 291. Assignments of error, not insisted upon, are waived. Stover v. Hill, 208 Ala. 575, 94 So. 829.

GARDNER, J. This appeal is prosecuted from a judgment, in an action of trespass to certain realty, recovered by appellee against appellant. The real estate consisted of two houses and lots in Jefferson county. No injury is claimed to have been done the freehold, but it was insisted that defendant unlawfully entered upon the premises, and instructed the tenants to pay him the rents, and, at another time, tore off a trespass notice on the porch of one of the houses.

Defendant interposed special pleas to the effect that he was, at the time of the alleged trespass, the owner of the property and entitled to the immediate possession thereof, but demurrer was sustained to these pleas, and the cause tried upon the plea of the general issue.

In counts 1 and 2, the date of the alleged trespass was September 1, 1923, at which time the property was occupied by tenants, each house being rented separately. The houses adjoined (about 50 feet apart), with no fence between, but some evidence of a dividing line. There was a well on the property, used jointly by the tenants of the two houses, and toilet, likewise so used. A careful consideration of the facts, as here disclosed, clearly demonstrates that these tenants were in the exclusive possession of this property on said date, and the mere general expression of plaintiff that "she was in possession of the premises trespassed upon, except the two houses" at the time of the alleged trespass, is not to be construed as a denial of the actual facts, as testified to in reference to the possession of these tenants, which are without dispute, but is to be attributed to constructive possession of November 1st, when the evidence tends to show no one was in possession, and some evidence of title in plaintiff.

[1, 2] While title may be and often is drawn in question in actions of this character, yet the gist is nevertheless the injury to plaintiff's possession, and a landlord who has granted this possession to a tenant for a definite term has no immediate right of possession and cannot maintain the action during such term. 12 Michie Dig. p. 294; 26 R. C. L. p. 958; Garrett v. Sewell, 108 Ala. 521, 18 So. 737; Garrett v. Sewell, 95 Ala. 456, 10 So. 226.

[3] Appellee insists the evidence shows she retained certain possessory rights in the property, and that the tenants were not in the exclusive possession (citing 26 R. C. L. p. 959, and note, Land Co. v. New River Lbr. Co., 86 S. C. 358, 68 S. E. 637, 30 L. R. A. [N. S.], 243, and authorities cited in note), but we have above stated our conclusion that the proof fails in this respect. We are of the opinion, therefore, that the affirmative charge as to counts 1 and 2 should have been given, as requested by defendant.

[4, 5] Defendant attempted to establish as a defense his ownership of the property and offered to show a complete chain of title thereto in defendant. Plaintiff's objections thereto were sustained. The trial court evidently ruled in this respect upon the theory that the question of title could not be inquired into in an action of this character. This was error, "It is a perfect defense to an action of trespass quare clausum fregit to show that the defendant owns the land in question, and that he had, at the time in question, the right to enter." Southern Ry. Co. v. Hayes, 183 Ala. 465, 62 So. 874, where the question is fully discussed and many au-

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thorities noted. The defense was available to defendant under the plea of the general issue. Southern Ry. Co. v. Hayes, supra; L. & N. R. R. Co. v. Hall, 131 Ala. 161, 32 So. 603, 26 R. C. L. p. 967.

We think the question is sufficiently raised by the assignments of error and argument of counsel thereon, and that the insistence to the contrary is without merit.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.