The plaintiff appeals from a summary judgment in favor of all defendants. We affirm.
On July 20, 1975, Peter J. Motisi conveyed a right of way to the County of Montgomery for use as a public road. At about the same time, Motisi and the county executed an agreement which purportedly granted Motisi the right "to bore under the right-of-way for said road for the placement of water and sewer utilities at at least two locations" and the right to place and install a six-inch water main across the road right of way, each of those rights "to be exercised in coordination with the County Engineer of Montgomery County with respect to method of installation and location."
On November 6, 1975, Montgomery County approved a proposal submitted by Alabama Gas Corporation to extend its gas lines across its right of way to supply gas to Ohio-Ferro Alloys Corporation's plant then under construction.
The line was installed in November or December 1975 and has been in constant use since that time.
On October 30, 1984, Motisi filed his complaint in this case against Ohio-Ferro Alloys *Page 1158 
Corporation, Alabama Gas Corporation, and the Montgomery County Commission. The complaint charged the defendants with negligent trespass, denial of the full use and enjoyment of his property, intentional trespass, and fraud and conspiracy in connection with the county's grant of permission to Alabama Gas to install the gas lines.
It is undisputed that Motisi had actual knowledge of the installation of the gas lines. He stated by way of affidavit in opposition to the defendants' motions for summary judgment:
 "Thereafter [after the execution of the right of way deed and agreement referred to above], in contradiction to the above agreement and in direct violation to my property rights in said property, with prior knowledge of my property interests and without my consent, the Defendant Alabama Gas Corporation, installed under the surface of said land a gas pipeline. This installation took place after I had personally stopped the installation crew of Defendant Alabama Gas Corporation from installing said line initially. In addition, I advised officials of Alabama Gas Corporation that I held these property rights and advised that they should not install this line until some agreement was made for the modification of this line in the event of future conflict."
Assuming, without deciding, that an action of trespass would lie under these facts, the trial court correctly granted summary judgment in favor of the defendants because the applicable statutes of limitations bar all the claims asserted against these defendants. Trespass actions are barred after six years. Section 6-2-34 (2), Code 1975. Once committed, the trespass is permanent, and an aggrieved landowner must bring his action within the period allowed by the statute. Borland v.Sanders Lead Co., 369 So.2d 523 (Ala. 1979). The negligence claims are barred by § 6-2-39 (a)(5); the fraud claims are barred by §§ 6-2-39 (5) and 6-2-3, Code 1975.[1]
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.
[1] Section 6-2-39, Code 1975, was repealed effective January 9, 1985, and those actions governed by its one-year limitations period were transferred to § 6-2-38, the two-year statute. See Act 85-39, Alabama Acts Second Special Session 1984-85. Act 85-39 also amended § 6-2-3 to extend its one-year saving clause to two years. Nevertheless, the claims in the present case were barred before the effective date of Act 85-39.