Plaintiffs AmSouth Bank, N.A., and Ava C. Festorazzi appeal from a summary judgment granted in favor of defendants City of Mobile and Ray Sumlin Construction Company, Inc. We affirm.
The issue presented is whether the trial court erred in granting summary judgment based on its determination that, under the undisputed facts, AmSouth's and Festorazzi's claims were barred by the one-year statute of limitations as a matter of law.
AmSouth and Festorazzi, as co-trustees, are the owners of a building in downtown Mobile, Alabama, which has been leased to Julius S. Goldstein and Sons, Inc., a retail jeweler. In October 1982, the City of Mobile ("City") commenced construction of a parking facility on property located adjacent to the building. The City contracted with Sumlin Construction Company, Inc. ("Sumlin"), for it to be the general contractor.
To construct the foundation for the garage facility, it was necessary for Sumlin to use well points for the extraction of water located under the city property and to block a walkway to plaintiffs' building. Pile driving was also conducted on the city property. As a result of these activities, the building was damaged.
On January 3, 1985, AmSouth and Festorazzi filed suit, alleging trespass against the City and Sumlin. The damages alleged in the complaint were: (1) damages for blockage of a walkway around the building by a fence; (2) damages to the building resulting from the vibrations caused by the pile driving on the city's property; and (3) damages to the building caused by subsidence resulting from the lowering of the water table through the well point operation on the city's property. It is undisputed *Page 1074 
that all damages to the building had been ascertained for more than a year before the filing of this suit
On March 30, 1985, the City and Sumlin filed a motion for summary judgment with affidavits, alleging that the action was barred by a one-year statute of limitations. AmSouth and Festorazzi maintained that the trespass statute of limitations, which is six years, Ala. Code 1975, § 6-2-34, applied. The trial court granted the City's and Sumlin's motion for summary judgment; this appeal followed.
AmSouth and Festorazzi contend that the six-year statute of limitations applicable to trespass actions applies to their claim that defendants temporarily blocked a walkway to the building by the erection of a fence. Assuming, without holding, that this claim meets the requirements of an action for trespass, AmSouth and Festorazzi do not have standing to assert this claim.
The gist of an action for trespass to realty is injury to the plaintiff's possession. Cauley v. Sanders, 388 So.2d 891 (Ala. 1980); Agee v. Griffin, 389 So.2d 513 (Ala.Civ.App. 1980),cert. denied, 389 So.2d 516 (Ala. 1980). "[A] landlord who has granted this possession to a tenant for a definite term has no immediate right of possession and cannot maintain the action [for trespass] during such term." Lacey v. Morris, 215 Ala. 302,315, 110 So. 379 (1926); Garrett v. Sewell, 95 Ala. 456,10 So. 226 (1891). "A landlord cannot maintain any action for an injury to the possession as distinguished from the freehold, since the right to sue is in the tenant." 51C C.J.S. Landlord Tenant § 255 (1968).
However, the landlord may sue for an injury to the reversion interest, even while a tenant is in possession. See BigbeeFertilizer Co. v. Scott, 3 Ala. App. 333, 56 So. 834 (1911), where the Court of Appeals held that the owner of land may sue for a nuisance causing injury to the reversion although the land was in the possession of a tenant. See also, 51C C.J.S.Landlord Tenant § 260 (1968). However, "[t]he prevailing doctrine is that a lessor cannot maintain an action of trespass, even though there is an injury to the reversion . . . [although] an action in some form lies, usually an action on the case. . . ." 87 C.J.S. Trespass § 27 (1954).
 "Reversionary interest. For an injury to property which affects its reversionary value, and in which plaintiff has only a reversionary interest, case is the appropriate remedy. Thus, case is the landlord's remedy for injury to the reversion when a tenant is in possession for a fixed and unexpired term."
14 C.J.S. Case, Action on § 5 (1939).
In Citizens Bank Savings Co. v. Wolfe Sales Co.,394 So.2d 941, 943 (Ala. 1981), this Court stated:
 "The Alabama Rules of Civil Procedure abolishing common law forms of action and replacing them with one form of action did not abolish substantive remedies, Mobley v. Brundidge Banking Co., 347 So.2d 1347 (Ala. 1977), nor did they eliminate the distinctions between trespass and trespass on the case insofar as those distinctions make a difference in the applicable statute of limitations. Cochran v. Hasty, 378 So.2d 1131
(Ala.Civ.App. 1979)."
In Citizens Bank Savings Co., the Court held that actions for trespass on the case were governed by the one-year statute of limitations, § 6-2-39(a)(5), Code 1975.[1]
It is undisputed in the present case that the alleged trespassory conduct occurred while Goldstein and Sons, Inc., plaintiffs' tenant, was in possession under a lease. Any cause of action for trespass belongs to Goldstein and Sons, Inc. Any damage inflicted on AmSouth's and Festorazzi's reversionary interest entitled them to pursue an action on the case, which at *Page 1075 
the time this cause of action arose was governed by a one-year statute of limitations. Citizens Bank Savings Co., supra. It is uncontested that all damages were sustained and apparent to plaintiffs by December 22, 1983 — more than a year before suit was filed on January 3, 1985. Thus, plaintiffs' claims were barred by the applicable one-year statute of limitations.
AmSouth and Festorazzi also contend that the six-year statute of limitations applicable to trespass actions applies to their other two claims — that as a result of the pile driving and well point operation on the city's property, the building which they leased suffered structural damage. They argue that changes in the law with regard to the elements necessary to support an action for trespass entitle them to recover under a trespass theory. Plaintiffs cite W.T. Ratliff Co. v. Henley,405 So.2d 141 (Ala. 1981), wherein this Court recognized that a trespass can result from "indirect force." In W.T. Ratliff, quoting fromBorland v. Sanders Lead Co., 369 So.2d 523 (Ala. 1979), we stated that the four elements which a plaintiff must prove in order to recover for an indirect trespass are:
 "1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiffs possessory interest; and 4) substantial damages to the res." (Emphasis added.)
405 So.2d at 145.
Assuming, without deciding, that an action of trespass would lie under these facts, AmSouth and Festorazzi have no standing to assert an action for trespass, as previously discussed. They have no right to possession of the property, and trespass is a wrong relating to the right of possession. Pollard v. Pollard,207 Ala. 270, 92 So. 488 (1922); Pigford v. Billingsley,38 Ala. App. 28, 84 So.2d 661 (1954), affirmed, 264 Ala. 29,84 So.2d 664 (1956).
Furthermore, previous decisions of this Court suggest that an action on the second and third claims alleged herein would be barred by the same one-year statute of limitations, even if brought by one with a possessory interest in the property. SeeStocks v. CFW Construction Co., 472 So.2d 1044 (Ala. 1985), where the one-year statute of limitations was applied to a claim for damages caused by vibrations resulting from blasting on adjacent property, and Henderson v. Wade Sand Gravel Co.,388 So.2d 900 (Ala. 1980), which applied the law of nuisance to a claim for damages caused by subsidence of the ground resulting from withdrawal of ground water.
Because the plaintiffs failed to bring this action within the one-year statute of limitations, we hold that the trial court did not err in granting the City's and Sumlin's motion for summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.
[1] Section 6-2-39, Code 1975, was repealed effective January 9, 1985, and those actions governed by its one-year limitations period were transferred to § 6-2-38, the two-year statute. See Act 85-39, Alabama Acts Second Special Session 1984-85. Nevertheless, the claims in the present case were barred before the effective date of Act 85-39. See Motisi v. Alabama GasCorp., 485 So.2d 1157 (Ala. 1986).