CRAWLEY, Judge.
In April 1998, Kurt Kittrell and Lori Kittrell (the “landlords”) sued Jason Laird (the “tenant”) and Lynn Laird and Mary Anne Laird (the tenant’s parents) for breach of a lease agreement. They filed the action in the Baldwin District Court. The tenant and the parents were not served, and a default judgment was entered against them. The tenant and the parents appealed the default judgment to the Baldwin Circuit Court (the “trial court”). The trial court set aside the district court’s default judgment. The tenant and the parents filed'a motion for summary judgment, which was denied. The landlords amended their complaint to add a claim alleging that the parents had trespassed on the leased premises. Following a nonjury trial, the court entered a judgment for the landlords and against the tenant for $658.52 and against the parents for $700. The tenant and the parents appeal.
The tenant rented a house in Fairhope from the landlords. The lease terms provided for $400 monthly rent, with a $10 fee if the rent was paid more than one week late. The lease also provided that the tenant would pay the landlords for the monthly utilities. The lease further provided that no more than two people could reside at the house. The lease had a six-month term, January through June 1997. After the lease expired, the tenant remained on the premises until November 1997.
The tenant argues that the trial court erred in entering a judgment against him on the breach-of-lease claim. The landlords presented documentary evidence indicating that the tenant failed to pay $608.52 due for utilities and that the tenant paid the rent late five times between January and June 1997, thereby incurring $50 in late charges as well, for a total of $658.52 due to the landlords. The landlords concede in their brief that they are not entitled to late charges after the lease expired at the end of June 1997. We conclude that the trial court did not err in awarding the landlords $658.52 in damages.
*520 The parents argue that the trial court erred in entering a judgment against them on the trespass claim. We agree. The parents are not parties to the lease agreement, which was between the tenant and the landlords. The landlords contend that the parents trespassed upon the leasehold in violation of the lease. The lease granted the tenant exclusive possession of the leasehold. The supreme court has stated:
“ ‘[A] landlord who has granted [exclusive] possession to a tenant for a definite term has no immediate right of possession and cannot maintain the action [for trespass] during such term.’ ”
AmSouth Bank, N.A. v. City of Mobile, 500 So.2d 1072, 1074 (Ala.1986) (quoting Lacey v. Morris, 215 Ala. 302, 303, 110 So. 379, 380 (1926)). Therefore, we conclude that the trial court erred by awarding damages to the landlords for the parents’ alleged trespass upon the leasehold.
The award of damages against the tenant is affirmed. The award of damages against the parents is reversed. The cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ„ concur.
MONROE, J., concurs in the result.