PITTMAN, Judge.
Jeff Webb and his wife, Belinda Webb, appeal from a summary judgment entered by the Montgomery Circuit Court in favor of Knology, Inc., and Knology of Alabama, Inc. We affirm in part and reverse in part.

Facts and Procedural History

On August 24, 2012, the Webbs filed a complaint against Knology, Inc.; Knology of Alabama, Inc.; and a number of fictitiously named defendants (Knology, Inc., and Knology of Alabama, Inc., are hereinafter referred to collectively as “Knology”). The Webbs alleged, among other things, that they had purchased a lot on Lake-ridge Drive (“the property”) in April 2002; that, at the time they purchased the prop-' erty, no disclosures were made of any easements held by Knology down the west side of the property; that, later in 2002, Knology buried cables, or lines, down the west side of the property without the Webbs’ knowledge or consent; that the Webbs began construction of a home on the property in July 2006; that the Webbs moved into their home in December 2007 and purchased Internet and cable-television services from a different company than Knology; that, in August 2010, several men, including Mike Wilkerson, Frank Nelson, and Mitch Parker, arrived in the front yard near the Webbs’ driveway claiming to be from Knology and searching for a “break in their main line”; that the men used an electronic device that purportedly showed that the “break” was under the Webbs’ driveway; that, on August 25, 2010, a Knology construction crew arrived at the property to replace the broken line; and that the Webbs had subsequently signed criminal warrants alleging trespass against some of the men who had been on their property. The Webbs asserted that Knology had wantonly installed the line so that it entered the Webbs’ property and that, in so doing, Knology had breached a duty to the Webbs; that Knology had trespassed upon the Webbs’ land willfully, wantonly, and negligently; and that Knolo-gy had unlawfully taken possession of a portion of the Webbs’ property. The *616 Webbs sought, among other things, damages, an injunction enjoining Knology from any further trespass on the Webbs’ property and restoration of their property to its condition before the alleged trespass.
Knology filed an answer to the complaint. On June 27, 2013, Knology filed a motion for a partial summary judgment arguing, among other things, that the Webbs’ wantonness-based claims were barred by the statute of limitations; that Knology was entitled to a summary judgment as to any request by the Webbs for punitive and compensatory damages; that Knology was entitled to a summary judgment as to any alleged trespass by Parker, Wilkerson, and Nelson; and that the Webbs’ request for an injunction should be dismissed. Knology acknowledged in its motion that whether the cable buried beneath the west side of the property was outside a utility easement was a fact “clearly in dispute.” Knology attached a number of exhibits to its motion, including excerpts from deposition testimony and affidavits.
The Webbs filed a brief in opposition to Knology’s motion for a partial summary judgment; they did not attach any exhibits to their brief. Knology filed a reply to the Webbs’ brief in opposition and a motion to strike certain assertions made by the Webbs in their brief. A hearing on Knolo-gy’s motion was held on August 22, 2013. On August 23, 2013, the trial court entered a “final order,” which states:
“[Knology] moved for a summary judgment and a hearing was held. After considering the submissions and arguments of the parties, the Court finds that the motion is due to be granted and the case is dismissed.”
The Webbs timely filed a postjudgment motion, which the trial court denied on October 3, 2013.[1] The Webbs timely filed a notice of appeal to our supreme court; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Standard of Review

“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 S6.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and *617 quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1085, 1038-39 (Ala.2004).

Analysis

The Webbs first argue on appeal that the trial court “abused its judicial discretion in granting [a] summary judgment to [Knology] and dismissing the ease.” In support of that assertion, the Webbs quote several statements made by the trial judge at the hearing on Knology’s partial-summary-judgment motion and argue, among other things, that the trial judge had “prejudged the case based on his experience with another case.” The Webbs have failed to provide any citations to authority in support of this issue, however; thus, they have failed to comply with Rule 28(a)(10), Ala. R.App. P. As a result, we decline to further address this issue on appeal.
The Webbs next argue on appeal that the trial court erred in entering a summary judgment in favor of Knology on each of their claims. First, the Webbs assert that their wantonness-based claims are not barred by a two-year statute of limitations. In its motion for a partial summary judgment, Knology asserted that the Webbs’ wantonness-based claims were barred by the two-year statute of limitations expressed in Ala.Code 1975, § 6-2-38, based on excerpts of the deposition testimony and affidavit of Arthur Loescher, the general manager of Knology in Montgomery and Prattville in August 2010, indicating that the cable line had first been installed in 2002. The Webbs argue on appeal that the six-year statute of limitations for trespass actions stated in Ala.Code 1975, § 6-2-34(2), applies to their claim of wanton trespass. Because our analysis of the remaining issues raised on appeal obviates the necessity to determine which statute of limitations applies, however, we decline to further address this issue.
The Webbs argue that the cables existing on their property constitute a continuing trespass. The only citation made by the Webbs in support of their assertion that the cables constitute a continuing trespass is to In re WorldCom, Inc., 546 F.3d 211 (2d Cir.2008), which they failed to properly cite and the holding of which does not bind this court. See Ex parte Hale, 6 So.3d 452, 458 n. 5 (Ala.2008). Although the Webbs fail to cite to any binding authority in support of their assertion, they have adequately stated their argument on appeal; thus, we proceed to consider whether a continuing trespass occurred such that the statute of limitations does not bar their claims.
In Alabama Power Co. v. Gielle, 373 So.2d 851, 854 (Ala.Civ.App.1979), this court stated:
“A structure maintained on another’s property is a continuing trespass. 87 C.J.S. Trespass § 13 (1954). A continuing trespass creates successive causes of action, and damages may be recovered for the trespass occurring within the statutory period. 13 Ala. Digest Limitation of Actions § 55(6); 54 C.J.S. Limitations of Actions § 169 (1948).”
In that case, a power pole maintained on the plaintiffs lot was considered a continuing trespass. Id. This court also considered structures maintained on property of another to be a continuing trespass in Gatlin v. Joiner, 31 So.3d 126, 134 (Ala.Civ.App.2009) (concluding that a boat dock and a boat ramp that had been built on the plaintiffs land constituted a continuing trespass); in Hankins v. Crane, 979 So.2d *618 801 (Ala.Civ.App.2007); and in Garrison v. Alabama Power Co., 807 So.2d 567 (Ala.Civ.App.2001). In Water Works and Sewer Board of the City of Birmingham v. Inland Lake Investments, LLC, 31 So.3d 686, 693 (Ala.2009), our supreme court conceded that allowing sediment from a construction site into a lake constituted a continuing trespass. That court further noted in Baugus v. City of Florence, 985 So.2d 413, 421 (Ala.2007), that the trespass claims in that case were continuing when the continuous migration of methane onto neighboring properties resulted from the ongoing operation of a landfill. See also Peak v. Parks, 886 So.2d 97 (Ala.Civ.App.2003) (surface-water runoff considered a continuing trespass).
In Devenish v. Phillips, 743 So.2d 492 (Ala.Civ.App.1999), this court discussed the distinctions between a continuous and a permanent trespass. In Devenish, a retaining wall built partially on the plaintiffs property by an adjoining landowner channeled water onto the plaintiffs property; the plaintiff filed a complaint against the builder of the retaining wall, who had since sold his adjoining property. Id. at 493. This court distinguished between the injury caused by the retaining wall, which produced a permanent injury to the land and allowed for recovery in a single action for trespass, and the continuous trespass of the water runoff. Id. at 494-95. In Motisi v. Alabama Gas Corp., 485 So.2d 1157, 1158 (Ala.1986), the Alabama Supreme Court concluded that, when gas lines had been installed on the plaintiffs property, the trespass was permanent once the lines were .installed and the landowner was required to bring his action within six years of the installation.
In the present case, Loescher stated that the line at issue had been installed in 2002. The Webbs have failed to make any arguments that a continuous trespass, such as the water runoff in Devenish or the sediment or other materials such as those at issue in Inland Lake Investments, LLC, and City of Florence, had occurred or that a structure had been maintained on the property, such as in Gielle. We conclude that the circumstances in this case are most analogous to those in Motisi. In that case, gas lines had been installed across a right-of-way more than six years before the complaint was filed. 485 So.2d at 1157-58. The supreme court determined that the installation of the gas lines was a permanent trespass. 485 So.2d at 1158. Like in Motisi, the present case involves the placement of cables beneath property owned by the Webbs. We are bound by the decisions of the Alabama Supreme Court. See State Farm Mut. Auto. Ins. Co. v. Carlton, 867 So.2d 320, 325 (Ala.Civ.App.2001) (“This court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and we have no authority to overrule that court’s decisions.”). Because the uncontroverted evidence indicates that the cable was installed in 2002 and that the Webbs filed their complaint in 2012, in accordance with the supreme court’s ruling in Motisi, the Webbs’ trespass claim as to that installation is time-barred.
The Webbs also assert on appeal, however, that “there is evidence in the record of willful and wanton trespass by Knology on August 25, 2010.” The Webbs assert in their statement of the facts on appeal that Knology representatives arrived on their property on August 25, 2010; that those representatives were rude and insulting to the Webbs; and that they trespassed on the Webbs’ property, “with one Knology representative sitting on the Webbs’ back porch, several men walking up and down the Webbs’ property outside an easement, and laying ... cable throughout the Webbs’ back yard, clearly *619 outside every utility easement.” Knology has filed a motion to strike portions of the Webbs’ brief on appeal, asserting that the Webbs failed to provide appropriate references to the record for their alleged facts and failed to state facts accurately as required by Rules 28(a)(9) and 28(g), Ala. R.App. P. Specifically, Knology requests that each of the aforementioned assertions made by the Webbs in their brief on appeal be stricken because, it asserts, there is no evidentiary basis for those statements in the record on appeal. With regard to the Webbs’ assertion that Knology representatives were “laying ... cable throughout the Webbs’ back yard, clearly outside every utility easement,” we note that that statement is supported by the record, as discussed further below. As argued by Knology, however, none of the remaining assertions made by the Webbs on appeal find any support in the record and do not reference the record as required by Rules 28(a)(9) and 28(g). Therefore, we grant Knology’s motion to strike those assertions from the Webbs’ brief; additionally, those assertions will not be considered in addressing the arguments on appeal.
In contrast, we decline to strike the Webbs’ assertion that Knology representatives were “laying ... cable throughout the Webbs’ back yard, clearly outside every utility easement,” although it does not reference the record, because it is congruent with the Webbs’ assertion on appeal, which is stated more specifically and without objection from Knology, that Knology had installed cable beneath the Webbs’ driveway in an area not subject to an easement. Knology admits on appeal that it failed to file a summary-judgment motion, or any exhibits in support thereof, directed to the issue whether a valid easement existed on the west side of the Webbs’ property. Indeed, Knology stated in its motion for a partial summary judgment that whether its cable buried beneath the west side of the property was outside a utility easement was a fact “clearly in dispute.” Although Knology asserts that the failure of the Webbs to make a showing that the cable was buried outside an easement should result in a summary judgment being entered against the Webbs, the standard of review requires the summary-judgment movant — in this case, Knology — to first make a prima facie showing that no issue of material fact exists. See Dow, supra. Because Knolo-gy failed to make a showing on that issue, the Webbs were not required to rebut it. Id. To the extent that the Webbs asserted before the trial court, and now assert on appeal, that Knology replaced the cable along the side of their property in an area not subject to an easement on August 25, 2010, we conclude that there exists a genuine issue of material fact as to whether that action constituted a trespass. Thus, we reverse the trial court’s summary judgment as to that part of the Webbs’ trespass claim, which was filed within two years of August 25, 2010, only with respect to the Webbs’ assertion that Knology had replaced the cable on a portion of the Webbs’ property that was not subject to a utility easement on August 25, 2010. This is not the end of our inquiry, however.
In its motion for a partial summary judgment, Knology asserted that the Webbs had failed to establish a basis for an award of compensatory or punitive damages for trespass.
“Typically, damages for trespass are based on ‘the difference in the reasonable market value of the property1 before and after the injury caused by the trespass. Johnson v. Martin, 428 So.2d 868, 870 (Ala.Civ.App.1982). When there is no actual damage to the real property resulting from the trespass, *620 the owner of the property is entitled to nominal damages for the trespass. Johnson, 423 So.2d at 870. Compensation for damage to personal property occurring during a trespass is recoverable in a trespass action. Id. In addition, ‘a plaintiff can recover for mental suffering which was the proximate consequence of a trespass to property if the trespass was committed under circumstances of insult and contumely.’ Id. at 871. Punitive damages are also available to a plaintiff in a trespass action, even if only nominal damages are awarded, ‘if the trespass is attended by rudeness, wantonness, recklessness or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence.’ Rushing[ v. Hooper-McDonald, Inc.], 293 Ala. [56] at 61, 300 So.2d [94] at 98 [ (1974) ].”
Downs v. Lyles, 41 So.3d 86, 92 (Ala. Civ.App.2009).
The Webbs cite Jeffenes v. Bush, 608 So.2d 361, 363 (Ala.1992), for their assertion that “[a] motion for partial summary judgment is the proper vehicle for challenging a claim of damages.... only when the defendant has made a prima facie showing that there is a lack of evidence of entitlement to the damages claimed.” The Webbs assert that Knology has offered no evidence to suggest that the Webbs have not incurred the damages claimed. . We disagree. Knology submitted excerpts of Jeffs deposition testimony, in which Jeff stated that his driveway had not sustained any damage as a result of Knology’s digging; that the equipment that had been used was located within the utility easement; that the machine allowed them to place the cable under the ground from the front of their property to the back of their property without digging up the side of their yard; that there had been no digging outside the utility easement; and that Knology had not ruined any foliage or bushes or damaged the Webbs’ vehicles, mailbox, or driveway. Knology also submitted excerpts of Belinda’s deposition testimony, in which Belinda testified that the Webbs had refinanced their property and that they had no information reflecting that their home was worth less than they had believed because of the presence of Knology’s cable. The Webbs failed to present any evidence of actual damage to either their real or their personal property; thus, we affirm the summary judgment with regard to the Webbs’ entitlement to compensatory damages for trespass. We note, however, in accordance with Domis, supm, that the Webbs may be entitled to nominal damages.
To the extent that the Webbs’ argument on appeal that they are entitled to punitive damages or recovery for emotional distress is based on their assertions that Knology’s representatives were rude and insulting toward the Webbs, we note that those assertions by the Webbs have been stricken, and, thus, we will not consider them. The Webbs also argue, however, that they are entitled to punitive damages because, they say, “the evidence supports a conclusion that Knology’s trespass was wanton.” “Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiffs rights.” Calvert & Marsh Coal Co. v. Pass, 393 So.2d 955, 957 (Ala.1980). In Calvert, our supreme court determined that, after the plaintiffs in that case had notified the defendant that it was trespassing, “subsequent entries on the following days could be construed as wanton.” Id.
In excerpts from Belinda’s deposition testimony attached to Knology’s motion for a partial summary judgment, Belinda testified that Mitch Parker, the supervisor who *621 had allegedly entered their property, had given Belinda his business card “so that if anything had happened over the course of when they were out there feel free to call him.” She stated that the Webbs had told the Knology representatives “that we felt they didn’t have the right to be there in the beginning.” She testified that they had waited to file a complaint because they had been gathering information and that Knology had not returned to their property. Jeff testified in his deposition that Knology representatives had come to their home to try to locate the break in the line earlier in August 2010. Knology submitted a transcript of Jeffs depositions that had been taken pursuant to the Webbs’ charges of criminal trespass against Parker, Wilkerson, and Nelson that had been heard by the Montgomery Municipal Court. In those depositions, Jeff stated that, on August 25, 2010, he had objected to the presence of Parker, Wilkerson, and Nelson on the property because he “was unsure about the easement.” He stated that, afterwards, he and Belinda had taken additional measures to determine that there was not an easement running from the front to the back of the property. Knology also attached a letter dated May 22, 2012, from the Webbs’ attorney that had been sent to Loescher. In that letter, the Webbs’ attorney asserted that, at some time in August 2010 before August 25, 2010, several men from Knology had arrived on the Webbs’ property and that, at that time, “the property owners informed all parties of their position regarding their property and Knology’s ongoing trespass of that property.” Reviewing the foregoing evidence in a light most favorable to the Webbs, as we must, see Dow, supra, we conclude that a genuine issue of material fact exists with regard to whether the Webbs had notified Knology before August 25, 2010, that it was trespassing such that the Webbs are entitled to punitive damages.
The Webbs last argue on appeal that the trial court erred in denying them injunctive relief. The Webbs fail, however, to cite to any authority in support of that assertion, in contravention of Rule 28(a)(10), Ala. R.App. P. Thus, that argument is waived. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008).

Conclusion

We reverse the summary judgment entered by the trial court in favor of Knology on the Webbs’ trespass claim insofar as a question of material fact exists regarding whether Knology’s replacement of the cable on August 25, 2010, occurred outside a utility easement. Additionally, any potential damages to be awarded on that claim are limited to nominal damages and punitive damages, depending, on the determination of whether Knology had been notified before August 25, 2010, that its presence on the Webbs’ property amounted to trespassing. We remand the case to the trial court for further proceedings consistent with this opinion. The trial court’s summary judgment in favor of Knology is affirmed as to all remaining issues.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. No defendants were ever substituted for the fictitiously named defendants; therefore, the existence of those unserved and unnamed defendants did not preclude the finality of the trial court’s summary judgment. See Rule 4(f), Ala. R. Civ. P. (“When there are multiple defendants and the summons ... and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment.”).